**In re Floyd Raymond EBY, Debtor.**

**PACESETTER CORPORATION,**
**Plaintiff,**

**v.**

**Floyd Raymond EBY, Defendant.**

**Bankruptcy No. 92–42494–2.**
**Adv. No. 92–4396–2.**

United States Bankruptcy Court,
W.D. Missouri.

April 6, 1993.

Mark J. Schultz, Kansas City, MO, for plaintiff.

Bonnie E. Marriott, Richmond, MO, for debtor.

### *MEMORANDUM OPINION*

FRANK W. KOGER, Bankruptcy Judge.

Debtor filed his petition for relief under Chapter 7 on July 30, 1992. The Pacesetter Corporation, hereinafter creditor, timely filed its adversary action challenging dischargeability of its debt under 11 U.S.C. § 523(a)(2), together with a Motion To Dismiss for lack of good faith in the filing, together with a Motion For Relief To Foreclose Security Interest. The propriety of filing the two motions in conjunction with the adversary action was not attacked by debtor and debtor's counsel filed her own pleading within her answer that was entitled "Debtor's Counter–Motion For Court To Determine Validity of Lien And Disallowance As Secured Claim." The Court hastens to assure one and all that it does not have a night job, does not give advice to the lorn (love or otherwise), and has never advertised itself as a court of general jurisdiction. It will, therefore, treat only

what it feels is appropriate to this proceeding.

Debtor is a widower 76 years old. He resides in a house which he at one time owned, but which he deeded to his daughter and son-in-law before any of the events mentioned herein. Debtor did retain a life estate in the house. Creditor is a home improvement company that twice worked on the house in which debtor retained a life interest.

The first work was for windows and that work was done in August of 1991. Allegedly, debtor signed both the promissory note and the deed of trust. Debtor's daughter and son-in-law signed the deed of trust only, a very strong indication that creditor knew the real estate was titled in the names of the daughter and son-in-law. In January of 1992, creditor did more work on the residence. Debtor, debtor's daughter and debtor's son-in-law signed a deed of trust dated January 12, 1992, and same was recorded on February 18, 1992, although only debtor's signature was notarized. Also, the only document outlining the amount to be paid, the due dates, and comparable features of the repayment requirements was dated January 16, 1992, or four days after the deed of trust.

Nowhere is there any acknowledgement of the daughter and son-in-law's signature. Nowhere is there any indication that the TIL three day cooling rescission notice was given before the lien on the residence was taken, or was ever given to the daughter and son-in-law.

The only other document introduced was a credit application dated January 12, 1992. Therein the creditor alleges the 11 U.S.C. § 523(a)(2)(B) violation arose. Debtor checked a block which stated that he owned the real estate free and clear. He also stated that although he paid $10,000.00 for the home in 1966, he believed the value was $48,000.00 in January of 1992. Creditor further claims that debtor violated 11 U.S.C. § 523(a)(2)(A) by misrepresenting the ownership of the real estate and the value of the real estate. Creditor in effect states that debtor's two assertions on the credit application bring both subsections into play and cause the debt to it to be non-dischargeable.

The Court disagrees. Recovery under either subsection requires reliance on the part of the victim. The Eighth Circuit has told us that under 11 U.S.C. § 523(a)(2)(B) *reasonable* reliance on the part of the plaintiff is required while under 11 U.S.C. § 523(a)(2)(A) only *actual* reliance is required. *In re Ophaug*, 827 F.2d 340 (8th Cir.1987). In this proceeding the distinction is immaterial because creditor showed neither reliance nor grounds therefor. Creditor knew that debtor had only a life estate from its previous dealings with debtor in 1991 and as witnessed by the fact that it required the signatures of the daughter and son-in-law on the deed of trust but not on the promissory note.

Creditor knew (at least as well as the debtor) the value of the real estate. Creditor's agents had seen the structure, inside and out, when they installed the windows in 1991, as well as when they sold the siding job on January 16, 1993. If creditor relied on anything it was the fact that debtor had made his payments on the first transaction and was willing to sign a note and deed of trust for $19,280.00 to put some aluminum siding on a $10,000.00 house.[1] As to the free and clear statement, the only lien shown to be on the property was the lien of creditor arising from the 1991 window deal. Finally, the Court finds no intent to deceive on the part of debtor. The Court is of the opinion that debtor believed, believes, and will continue to believe that he owns the house. After all, he and his deceased wife bought it; he and his deceased wife paid for it; and such niceties as life estates, remaindermen, and vested interests are not within his ken. Creditor's complaint to have the debt declared non-dischargeable is DENIED.

Creditor also seeks a judgment against debtor for the balance now due on the note. Since the debt is dischargeable, this aspect of creditor's complaint must also be ruled against creditor. Lastly, the purported Motion To Foreclose Security In-

---

1. What was known in the days of the author's youth as "a $40.00 saddle on a $20.00 horse."

terest is also DENIED in this proceeding. However, this aspect of the Court's ruling is without prejudice to whatever (if any) security interest creditor possesses. The real question is what rights does creditor have against the daughter and son-in-law? They are not parties to this bankruptcy and this Court is not the proper forum to adjudicate disputes between creditor and debtor's relatives.

Obviously, creditor has problems under Truth In Lending, the three day cooling under Truth In Lending, and the lack of notarization of the remaindermen's signatures. Probably, the latter can be overcome, but this is not the forum to make that determination. The same reasoning applies to the debtor's Motion To Determine Validity of Lien. The Motion seeks to have this Court resolve matters properly and better left to the auspices of a state court where all the parties with any claim to the real estate are before the Court.

Accordingly, all counts of creditor's complaint are DENIED. All counts of debtor's response are DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.